624 A.2d 776

**Robert M. MATESIC, Stella Zabielski, Mirko Lukisic, Rita Steigerwald, James Sweeney, and Laverne Sweeney, Petitioners,**

v.

**Cynthia MALESKI, Insurance Commissioner of the Commonwealth of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 3, 1993.

Decided April 20, 1993.

Bruce Bagin, for petitioners.

Jeffrey P. Soderstedt, Dept. Counsel, for respondent.

Before DOYLE, PALLADINO, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

PALLADINO, Judge.

Cynthia Maleski, Insurance Commissioner of the Commonwealth of Pennsylvania (Commissioner), has filed preliminary objections to the petition for review in the nature of a complaint in mandamus filed in this court's original jurisdiction [1] by Robert Matesic, Stella Zabieliski, Mirko Lukisic, Rita Steigerwald, James Sweeney and Laverne Sweeney (Petitioners). For the reasons which follow, the petition for review is dismissed.

Petitioners, with the exception of Robert Matesic, are policy holders of the Blue Cross/Blue Shield of Western Pennsylvania 65 Plus Plan. Matesic planned to purchase the 65 Plus Plan in February, 1993, but because of regulations duly promulgated by the Commissioner he is unable to do so.

Under Section 9 of the Medicare Supplemental Insurance Act (Act),[2] the Commissioner may, to the extent necessary within her judgment, promulgate regulations changing the requirements of the Act in order to comply with changes in Medicare made by the Congress of the United States. The challenged regulations were promulgated by the Commissioner following the enactment of the Omnibus Budget Reconcilia-

1. Section 761(a) of the Judicial Code, 42 Pa.C.S. § 761(a).
2. Act of December 15, 1982, P.L. 1291, No. 292, 40 P.S. § 3109.

tion Act (OBRA), 42 U.S.C. § 1395–1395ccc. OBRA required insurance companies throughout the country to begin to sell a maximum of ten types of standard Medigap health insurance policies to new customers no later than August 1, 1992.

The regulations promulgated by the Commissioner [3] limit the nature of Medigap policies that can be sold in Pennsylvania. Under these new regulations, the 65 Plus Plan cannot be sold to any new subscribers, but current subscribers are permitted to continue their coverage under that policy. Because new subscribers can no longer be added to the risk pool, it is expected that the price of the 65 Plus Plan will rapidly increase. All current policy holders were offered one of the new approved policies, but Petitioners have chosen not to relinquish their insurance contracts.

On July 31, 1992, Petitioners filed a petition for review in the nature of a complaint in mandamus. In response, the Commissioner filed preliminary objections. Petitioners then filed a motion to amend which was granted on September 28, 1992. Thereafter, Petitioners filed an amended petition for review in the nature of a complaint in mandamus seeking declaratory and injunctive relief. Specifically, Petitioners are seeking an order from this court "commanding [the Commissioner] to act upon [Petitioners'] request to modify or amend the proposed regulations to permit the sale of the 65 Plus Plan to new subscribers as one of the approved plans." Amended Petition for Review at 10. Petitioners further seek an order "commanding [the Commissioner] to permit the 65 Plus Plan to be offered to new subscribers while [the Commissioner] is modifying or amending [her] proposed regulations." Amended Petition for Review at 11.

On November 23, 1992, the Commissioner filed preliminary objections to the amended petition for review asserting that this court lacks subject matter jurisdiction because Petitioners failed to exhaust administrative remedies, that Petitioners lack

3. 31 Pa.Code §§ 89.770–89.789.

standing, and that Petitioners have failed to state a cause of action for a writ of mandamus.[4]

With regard to the exhaustion of administrative remedies issue, Petitioners argue that their efforts to persuade the Commissioner to permit the continued sale of the 65 Plus Plan to new subscribers was rejected and they should not be required to engage in a futile act. They further argue that to avoid irreparable harm the exhaustion of remedies doctrine must be balanced against the constitutional rights of innocent elderly subscribers to the 65 Plus Plan.

The Commissioner argues that Petitioners have specific administrative remedies available which they may not bypass and therefore, this court is without jurisdiction to entertain their action in mandamus. We agree.

As an initial matter, we note that mandamus is an extraordinary writ which will only be granted to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other appropriate and adequate remedy. *Pennsylvania Dental Association v. Commonwealth of Pennsylvania Insurance Department*, 512 Pa. 217, 516 A.2d 647 (1986). Moreover, mandamus may not be used to direct the exercise of judgment or discretion in a particular way, nor to direct the retraction or reversal of action already taken. *Id.*

A party challenging administrative decision-making that has not exhausted its administrative remedies is precluded from obtaining judicial review by mandamus or otherwise. *Canonsburg General Hospital v. Department of Health*, 492 Pa. 68, 422 A.2d 141 (1980). The primary purpose of the exhaustion doctrine is to ensure that claims will be heard, as a preliminary matter, by the body having expertise in the area.

---

**4.** In ruling on the Commissioner's preliminary objections, this court must accept all well-pleaded facts in the Petitioners' petition for review and all inferences reasonably deduced therefrom. *Ohio Casualty Group of Insurance Co. v. Argonaut Insurance Co.*, 514 Pa. 430, 525 A.2d 1195 (1987); *Pennsylvania Association of Rehabilitation Facilities v. Foster*, 147 Pa.Commonwealth Ct. 487, 608 A.2d 613 (1992).

*St. Clair v. Commonwealth of Pennsylvania, Board of Probation and Parole,* 89 Pa.Commonwealth Ct. 561, 493 A.2d 146 (1985). It further provides the agency with the opportunity to correct its own mistakes and to moot judicial controversies. *Id.*

 Petitioners claim that they have exhausted available administrative remedies and are without an adequate remedy at law. Amended Petition for Review ¶ 26. Petitioners assert that they brought this matter to the Commissioner's attention by telephone and by mail, but that the Commissioner failed to take any effective action. Amended Petition for Review ¶ 26. Petitioners then assert that the Commissioner responded to their efforts in a self-serving manner, namely, by writing to the Health Care Financing Administration of the U.S. Department of Health and Human Services and asking the Department to confirm the Commissioner's understanding that she could not approve the use of the 65 Plus Plan to new subscribers. Amended Petition for Review ¶¶ 18, 26.

The Commissioner contends that Petitioners should have proceeded by filing a petition with the Insurance Department pursuant to section 35.18 of the General Rules of Administrative Practice and Procedure which provides:

> A petition to an agency for the issuance, amendment, waiver or repeal of a regulation shall set forth clearly and concisely the interest of the Petitioner in the subject matter, the specific regulation, amendment, waiver or repeal requested, and shall cite by appropriate reference the statutory provision or other authority therefor. The petition shall set forth the purpose of, and the facts claimed to constitute the grounds requiring, the regulation, amendment, waiver or repeal. Petitions for the issuance or amendment of a regulation shall incorporate the proposed regulation or amendment.

1 Pa.Code § 35.18.

If successful, an action brought by Petitioners in accordance with the above cited section would result in the amendment or repeal of the challenged regulations, the result Petitioners

now seek through mandamus. Petitioners claim, however, that any further action before the Commissioner would be futile. In response, we note that the supreme court has held that one should not presume futility in the administrative appeal; on the contrary, one should assume that the administrative process will, if given a chance, discover and correct its own errors. *Canonsburg General Hospital,* 492 Pa. 68, 422 A.2d 141 (1980).

In addition, if Petitioners chose not to deal with the Commissioner directly, they are provided with an alternative remedy under the Regulatory Review Act.[5] Section 8.1 of the Regulatory Review Act provides:

> The [Independent Regulatory Review Commission], either on its own motion or on the request of any individual, agency, corporation, member of the general assembly or any other entity which may be affected by a regulation, may also review any existing regulation or administrative procedure.... The commission may submit recommendations to any agency recommending any changes in existing regulations where it finds the existing regulations or administrative procedure to be contrary to the public interest under the criteria established in this section.

71 P.S. § 745.8a.

Thus, Petitioners have the alternative remedy of requesting the Independent Regulatory Review Commission (IRRC) to review the Insurance Commissioner's regulations. If the IRRC were to find the regulations contrary to the public interest, it would submit recommendations to the Insurance Commissioner recommending changes in the existing regulations. Again, if successful, Petitioners would achieve the result they have improperly sought from this court. If unsuccessful, Petitioners are guaranteed a direct appeal from the adverse agency adjudication. *See* 2 Pa.C.S. § 702.

█ Petitioners next argue that to avoid irreparable harm, the exhaustion of remedies doctrine must be balanced against

5. Act of June 25, 1982, P.L. 633, No. 181, *as amended,* 71 P.S. §§ 745.1–745.15.

the constitutional rights of innocent elderly subscribers to the 65 Plus Plan. In order to come within the "extraordinarily narrow exception [to the exhaustion of administrative remedies doctrine], a party must show that the challenged statute or regulation clearly and unambiguously violates a constitutionally-secured right." *St. Clair*, 89 Pa.Commonwealth Ct. at 570, 493 A.2d at 153 (1985).

In this case, Petitioners cite no case law to support the proposition that a constitutional issue is presented.[6] They merely assert that the Commissioner's actions have denied them equal protection of the law in violation of the fourteenth amendment of the United States Constitution, U.S. CONST. amend. XIV. This court has previously held that the existence of a constitutional issue must be clear and the mere allegation of its presence is not sufficient to excuse the failure to exhaust administrative remedies. *St. Clair.*

Because Petitioners have failed to exhaust appropriate and adequate administrative remedies which are available to them, we are without subject matter jurisdiction to entertain this action in mandamus.[7]

Accordingly, the Commissioner's preliminary objection based on subject matter jurisdiction is sustained and Petitioners' amended petition for review is dismissed with prejudice.

## ORDER

AND NOW, April 20, 1993, the preliminary objection of Cynthia Maleski, the Insurance Commissioner of the Commonwealth of Pennsylvania, asserting lack of subject matter jurisdiction in the above-captioned matter is sustained. The amended petition for review filed by Robert Matesic, Stella Zabieliski, Mirko Lukisic, Rita Steigerwald, James Sweeney and Laverne Sweeney is dismissed with prejudice.

6. In fact, statutory authority and case law are noticeably absent from Petitioners' entire brief.

7. Our resolution of this issue makes consideration of the other preliminary objections raised by the Commissioner unnecessary.