**Theodore BYRD, Petitioner,**

v.

**PA. BOARD OF PROBATION/PAROLE, PA. Dept. of Corrections–SCI–Albion, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 25, 2003.

Decided June 16, 2003.

Theodore Byrd, petitioner, pro se.

Timothy I. Mark, Camp Hill, for respondents.

BEFORE: COLINS, President Judge, FRIEDMAN, Judge, FLAHERTY, Senior Judge.

OPINION BY President Judge COLINS.

Theodore Byrd, an inmate currently incarcerated at the State Correctional Institution at Albion (SCI–Albion), filed a *pro se* petition for review in the nature of a petition for a writ of mandamus, averring that the Pennsylvania Board of Probation and Parole (Parole Board) violated Byrd's right to be considered for parole under standards that were in effect prior to an amendment of Section 1 of the law known as the Probation and Parole Law (Parole Act).[1] Byrd's petition for review further alleges that the Board's denial of his parole requests, were the result of the Board's misplaced reliance upon false information from the Department of Cor-

---

1. Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §§ 331.1–331.34a.

rections (Department) that he had been classified as a sexually violent offender pursuant to 42 Pa.C.S. § 979.2. The court treated Byrd's petition for review as though filed in this Court's original jurisdiction.

Byrd avers that he is presently serving an aggregated state sentence of 15 years, 6 months to 32 years, for rape, robbery, aggravated assault, and theft by unlawful taking imposed by the Philadelphia Court of Common Pleas in 1984. In 1999, the Parole Board denied Byrd parole and observed that at his next review, it would consider whether he successfully completed a recommended treatment program for sex offenders (SOP), whether the Department made a favorable recommendation, and whether he maintained a record in prison free of misconduct.

On December 9, 2002, the Parole Board filed an application for summary relief and on December 12, 2002, the Department filed a demurrer and a motion to quash Byrd's subpoena. By an order dated December 13, 2002, the Department's motion to quash was granted. Before this Court for disposition are the Parole Board's summary relief application and the Department's demurrer.

In support of its motion for summary relief, the Parole Board argues that (1) Byrd's petition for review pleading that the Board violated his right to be considered for parole under standards prior to the 1996 amendment of the preamble to the Parole Act, does not set forth a cause of action against the Board; and (2) where the Board's decision indicates that the Board did not rely on false information, a petition for review pleading the contrary also does not set forth a viable cause of action against the Board. In support of its demurrer, the Department argues that Byrd is not entitled to the mandamus relief he seeks because he is challenging his mandatory participation in a rehabilitation program providing sexual offender therapy designated for him by prison officials, as a result of his admission to several sex offenses including rape and aggravated assault.

This Court has consistently reaffirmed that

In our original jurisdiction, an action in mandamus must define the issues, and every act or performance essential to that act must be set forth in the complaint. See Pa. R.C.P. No. 1019. In ruling upon a preliminary objection in the nature of a demurrer, we must accept as true all well-pleaded allegations of material fact and all inferences reasonably deductible therefrom.... We need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations or expressions of opinion. The test is whether it is clear from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his or her right to relief.

*Myers v. Ridge*, 712 A.2d 791, 794 (Pa. Cmwlth.1998), *petition for allowance of appeal denied*, 560 Pa. 677, 742 A.2d 173 (1999) (citations omitted).

Analogous issues to those raised in the present matter were addressed in *McGill v. Pennsylvania Department of Health, Office of Drug & Alcohol Programs*, 758 A.2d 268, 270 (Pa.Cmwlth.2000), in which this Court stated:

A writ of mandamus ... is an extraordinary remedy which compels official performance of a ministerial act or a mandatory duty. *Pennsylvania Dental Ass'n v. Insurance Department*, 512 Pa. 217, 516 A.2d 647 (1986). Thus, in an action in mandamus involving an administrative agency's exercise of discretion, the court may only direct the agency to perform the discretionary act and may

not direct the agency to exercise its judgment or discretion in a particular way or direct the retraction or reversal of action already taken. *Matesic v. Maleski,* 155 Pa.Cmwlth. 154, 624 A.2d 776 (1993). A writ of mandamus may be issued, only where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and lack of any other appropriate and adequate remedy. *Delaware River Port Authority v. Thornburgh,* 508 Pa. 11, 493 A.2d 1351 (1985). The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure. *Africa v. Horn,* 701 A.2d 273 (Pa.Cmwlth.1997).

■ Applying the foregoing to the matter *sub judice,* we concur with the Parole Board that Byrd's averments about improper, retroactive application of the amendment to Section 1 of the Parole Act, and about the Parole Board's alleged reliance upon false information classifying him as a violent sex offender, are smokescreen devices used to mask Byrd's basic challenge to the rehabilitation program designated for him by the Department. Byrd's record, including the violent nature and circumstances of the offenses he committed, his prior criminal history, and the Department's recommendations that he be required to participate in additional institutional, rehabilitative programs, clearly belie Byrd's allegations of the Parole Board's reliance upon false information. Accordingly, as noted in *McGill,* 758 A.2d at 271 (citations omitted),

> [T]he Board has the exclusive power and the broad administrative discretion in determining if and when a prisoner should be released on parole. Consequently, this Court does not have jurisdiction to issue a writ of mandamus preventing the Board from denying a parole based on the prisoner's failure to complete the rehabilitation program designated by the prison officials.

In considering the Parole Board's motion for summary relief, we note that summary judgment is properly granted only where the pleadings, depositions, answers to interrogatories, and affidavits establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Mickle v. City of Philadelphia,* 550 Pa. 539, 707 A.2d 1124 (1998). After reviewing the present record indicating the nature of Byrd's offenses, his criminal history, and the Department's recommendations for his participation in rehabilitative sex offender programs, we conclude that there is no unresolved, genuine issue of material fact, and therefore, the granting of the Parole Board's motion is appropriate.

■ Finally, we find no merit in Byrd's allegations of improper retroactive application of the 1996 Parole Act amendments to his situation. In *Winklespecht v. Pennsylvania Board of Probation and Parole,* 571 Pa. 685, 813 A.2d 688, 691–92 (2002) (citations, emphasis, and footnote omitted), our Supreme Court, in addressing the issue of retroactive operation of changed legislation for parole matters, stated:

> An ex post facto law is one which is "adopted after the complaining party committed the criminal acts and conflicts a greater punishment than the law annexed to the crime, when committed.'" *Coady [v. Vaughn,* 564 Pa. 604, 770 A.2d] at 289 n. 2 (quoting *California Dep't. of Corrections v. Morales,* 514 U.S. 499, 504–06, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995)).
>
> > One function of the Ex Post Facto Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission. Retroactive changes in laws governing parole of prisoners, in some

instances, may be violative of this precept. Whether retroactive application of a particular change in parole law respects the prohibition on ex post facto legislation is often a question of particular difficulty when the discretion vested in a parole board is taken into account.

*Garner v. Jones,* 529 U.S. 244, 249–50, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000) (citations omitted).

Although Winklespecht couches his underlying claim as an ex post facto violation, clearly his punishment has not been increased. The rewording of 61 P.S. § 331.1 did not create a substantial risk that parole would be denied any more frequently than under the previous wording, nor did the addition of this language create a new offense or increase the penalty for an existing offense. See Morales, at 506 n. 3, 115 S.Ct. 1597, 131 L.Ed.2d 588 ("the focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage,' nor, ... on whether an amendment affects a prisoner's 'opportunity to take advantages of provisions for early release'...."). Although the language concerning "protect[ing] the safety of the public" and "assist[ing] in the fair administration of justice" was added to § 331.1 in 1996, these concepts are nothing new to the parole process and have always been underlying concerns. Both versions of § 331.1 leave the decision regarding the grant of parole within the discretion of the Board; the fact that some language was added in 1996, which clarified the policy underlying the parole process, does nothing that increases Winklespecht's punishment. ("If ... the Parole Commission takes a more jaundiced view of applications for parole, the ex post facto prohibition is not violated, even though a criminal's punish-ment may end up being longer or harsher than he hoped when he committed the crime"). Reordering of considerations for necessary decisions within an unchanged penalty do not rise to an ex post facto violation.

It is clear that *Winklespecht* construes the 1996 Parole Act amendments as intending to clarify underlying parole policy rather than being punitive in nature. Therefore, in reviewing Byrd's claims of the Parole Board's improper retroactive application of the 1996 Parole Act amendments, we reject his assertions of an ex post facto violation and note that, as the *Winklespecht* Court observed, the ultimate granting of parole and imposing conditions thereon are within the discretion of the Parole Board.

Accordingly, based upon the foregoing discussion, Byrd's petition for review in the above-captioned matter is dismissed, the Parole Board's motion for summary relief is granted, and the Department's demurrer is sustained.

### ORDER

AND NOW, this 16th day of June 2003, the petition for review filed by the Petitioner in the above-captioned matter is dismissed, the Parole Board's motion for summary relief is granted, and the Department's demurrer is sustained.

DISSENTING OPINION BY Judge FRIEDMAN.

For the reasons set forth in *Evans v. Pennsylvania Board of Probation and Parole,* 820 A.2d 904 (Pa.Cmwlth.2003) (Friedman, J., dissenting), I respectfully dissent.