**Rodger T. ATWOOD, II, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 20, 2006.

Decided May 17, 2006.

R. Mark Thomas, Mechanicsburg, for petitioner.

Alan M. Robinson, Asst. Counsel and Victoria S. Freimuth, Chief Counsel, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Before this court are the preliminary objections filed by the Pennsylvania Board of Probation and Parole (Board) in response to a petition for review addressed

to this court's original jurisdiction filed by Rodger T. Atwood, II (Atwood). We sustain the Board's objections and dismiss Atwood's petition.

In the petition for review, Atwood states that he was sentenced to two to eight years by the Cumberland County Court of Common Pleas. Atwood alleges that the sentence was to be effective February 24, 1999, and was concurrent with a federal sentence he was already serving on the date of sentencing.

On April 26, 2000, Atwood was sentenced to seventy-eight months incarceration, followed by three years of supervised release in another federal case. He claims that he is scheduled to be released from federal prison on May 5, 2006.

According to Atwood, his minimum state prison term expired on February 24, 2001. Although he has mailed two parole applications to the Board, one on December 12, 2004, and the other on July 20, 2005, Atwood claims the Board has refused to consider them.[1]

■ The Board filed preliminary objections in the nature of a demurrer contending that the Board does not have the authority to parole an inmate who is in federal custody.

■ Here, Atwood seeks a writ of mandamus directing the Board to consider his application for parole. A writ of mandamus may only be issued where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and lack of any other appropriate and adequate remedy. *Delaware River Port Authority v. Thornburgh*, 508 Pa. 11, 493 A.2d 1351 (1985). In our original jurisdiction, an action in mandamus must define the issues, and every act or performance essential to

that act must be set forth in the complaint. *Byrd v. Pennsylvania Board of Probation and Parole*, 826 A.2d 65 (Pa.Cmwlth.2003). Mandamus is an extraordinary writ and will not be granted in doubtful cases. *Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980).

Atwood claims that he has served more than his minimum sentence and therefore has a right to apply for parole, *Rogers v. Pennsylvania Board of Probation and Parole*, 555 Pa. 285, 724 A.2d 319 (1999). In accordance with Section 22 of what is commonly known as the Parole Act[2] (Act), 66 P.S. § 331.22, Atwood asserts that the Board must consider his parole applications. Section 22 of the Act states that "[t]he board shall have the power, and it shall be its duty, to consider applications for parole.... Applications for parole shall be disposed of by the board within six months of the filing thereof."

We initially note that Section 17 of the Act, 61 P.S. § 331.17, and Section 21 of the Act, 61 P.S. § 331.21, discuss the powers of the Board with respect to parolees. Section 17 of the Act provides:

> The board shall have exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole all persons heretofore or hereafter sentenced by any court in this Commonwealth to imprisonment in any prison or penal institution thereof, whether the same be a state or county penitentiary, prison or penal institution, as hereinafter provided.

Section 21 of the Act provides:

> (a) The board is hereby authorized to release on parole any convict confined in any penal institution of this

---

1. Atwood does not seek to be physically released from custody but is seeking constructive parole.

2. Act of August 6, 1941, P.L. 861, *as amended*.

Commonwealth as to whom power to parole is herein granted to the board. . . .

Here, although Atwood is housed in Pennsylvania, the institution is a federal facility, not a state facility and we agree with the Board that it is not required to consider Atwood's application for parole.

In *Van Dyke v. Pennsylvania Board of Probation and Parole,* 109 Pa.Cmwlth. 513, 531 A.2d 579 (1987), an inmate, who was incarcerated at a federal penitentiary in West Virginia, appealed to this court from a decision of the Board denying his request to process his application for parole. This court observed that because the inmate was in an out-of-state federal facility, the Board, which only possesses those powers conferred upon it by the General Assembly and the Act, was without power to exercise its authority outside the Commonwealth. *Id.,* 531 A.2d at 581.

Specifically, the court addressed Section 22 of the Act, 61 P.S. § 331.22, which states that "in no case shall a parole be granted, or an application for parole be dismissed, unless a board member, hearing examiner or other person so designated by the board shall have seen and heard him in person in regard thereto within six months prior to the granting or dismissal therof." This court concluded that the Board could not begin to process the inmate's application until he was returned to the Commonwealth and able to be interviewed for parole pursuant to Section 22 of the Act.

Here, we note that to facilitate the interview requirements of Section 22, Section 20 of the Act, 61 P.S. § 331.20, requires prison officials to grant the Board access to prisoners, to provide the Board with facilities for communicating with and observing prisoners, and to furnish the Board with reports concerning the conduct of prisoners in their custody.

Although Atwood is incarcerated in Pennsylvania, Atwood is incarcerated in a federal penitentiary, not a state facility. State prison officials are required to grant the Board access to prisoners and to provide the Board with facilities for communicating with prisoners and are also required to furnish the Board with reports concerning the conduct of prisoners in their custody. However, there is no requirement that federal authorities are required to do the same. As the Board only has those authorities conferred upon it by the Act and General Assembly, it cannot compel federal penitentiaries to provide it the same access required of state facilities.

As previously stated, an action in mandamus must define the issues and requires that every act or performance essential to that act must be set forth in the complaint. *Byrd.* Here, the complaint does not allege that the federal penitentiary has afforded access to the Board or that the federal penitentiary has furnished the Board with a report concerning Atwood's conduct while in federal custody, such that the Board can comply with the mandates of the Act.

Accordingly, because the petition for review filed by Atwood fails to state a claim upon which relief can be granted, the preliminary objections in the nature of a demurrer, filed by the Board, are sustained and Atwood's petition is dismissed.

### ORDER

Now, May 17, 2006, the preliminary objections in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole, in the above-captioned case, are sustained and the petition, filed by Roger T. Atwood, II, is dismissed.