IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Wells,                          :
                    Petitioner       :
                                     :
          v.                         :
                                     :
Pennsylvania Parole Board,           :    No. 455 M.D. 2021
                    Respondent       :    Submitted: June 17, 2022


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED:  November 30, 2022


          Petitioner John Wells (Wells), through counsel, initiated this matter on
December 16, 2021, by filing a petition for writ of mandamus (Petition) in this
Court's original jurisdiction.  Wells seeks an order compelling the Pennsylvania
Parole Board (Board) to reconsider its denial of his parole application.  The Board
has filed preliminary objections in the nature of a demurrer to the Petition.  Upon
review, we sustain the Board's preliminary objections and dismiss the Petition with
prejudice.


                            I.  Background

          Wells is currently incarcerated at the State Correctional Institution-
Phoenix.  Petition at 1.  On January 15, 1999, he entered a guilty plea to two counts

each of robbery and aggravated assault. *Id*. at 3. He admitted to posing as a driveway repair person along with his wife to get inside the houses of elderly victims and then assaulting and robbing them. *Id*. In March 1999, he was sentenced to 20-40 years in prison. *Id*. The Superior Court upheld Wells's sentence, noting that while he had a minimal criminal background and was addicted to crack cocaine when he committed the crimes, the sentence was valid. *Commonwealth v. Wells* (Pa. Super., No 2927 EDA 2000, filed Oct. 19, 2021), slip op. at 3 (unreported). The Superior Court emphasized the sentencing court's description of the "horrendous" and "extreme" violence, cruelty, and predatory nature of Wells's crimes, which left his victims seriously injured and in some cases unconscious. *Id*., slip op. at 1 & 4.

Wells sought parole in early 2021. Petition at 4. The Board issued a March 8, 2021, decision stating that after reviewing Wells's file and interviewing him, it was denying parole. Petition at 2 (quoting the Board's decision). The Board's stated reasons included Wells's minimization of the nature and circumstances of his offenses, his insufficient insight into the "underlying rage manifestation in criminal conduct," and the trial judge's negative parole recommendation. *Id*. The decision advised that Wells could seek parole again in 2023. *Id*.

Wells asserts that he has not minimized his offenses; that the Board relied on false information because a crack cocaine addiction, not rage, motivated his crimes; that the Board should have disclosed the sentencing judge's recommendation to him; and that the Board failed to consider positive aspects of his application such as a "near perfect" prison record, family support, completion of a high school equivalency degree, and a job waiting for him upon release. Petition at 5. Wells claims procedural and substantive due process violations and asks this

2

Court to compel the Board to disclose all information it relied on, remove allegedly false information from his file, and reconsider him for parole using what he characterizes as accurate information. *Id*. at 6.[1]

The Board filed preliminary objections in the nature of a demurrer arguing that Wells has failed to state a claim upon which relief may be granted. Preliminary Objections at 5-8. In opposition to the preliminary objections, Wells reiterates the Petition's allegations. Wells's Opposition at 3-4. Wells also argues that the Board's objections violate the witness-advocate rule[2] because the Board's attorney was not on Wells's parole panel and therefore had no basis to "testify" to facts in the objections that were not apparent on the face of the Board's reasons for denying parole. *Id*. This Court ordered the matter submitted on briefs, and it is now ripe for disposition.

## II. Discussion

In ruling on preliminary objections in the nature of a demurrer, the Court must accept as true all well-pleaded material facts and all inferences reasonably deducible therefrom. *Savage v. Storm*, 257 A.3d 187, 191 (Pa. Cmwlth. 2021). However, the Court is not bound by legal conclusions, argumentative allegations, unwarranted inferences from facts, or expressions of opinion. *Id*. We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id*.

---

[1] As will be addressed, Wells does not assert that the Board's reasons for denying parole are impermissibly vague.

[2] A lawyer may not act as an advocate in a proceeding in which the lawyer is also a witness. *See* Rule 3.7 of the Rules of Professional Conduct.

3

The Petition here is in the nature of mandamus, which compels the performance of a ministerial act or mandatory duty. *Savage*, 257 A.3d at 191. To prevail in mandamus, a petitioner must demonstrate (1) a clear legal right to relief, (2) a corresponding duty in the respondent, and (3) absence of other adequate and appropriate remedies at law. *Id.* A mandatory duty is one which a public officer is required to perform upon a given state of facts and in a prescribed manner in obedience to the mandate of legal authority. *Id.* Mandamus is an extraordinary remedy to enforce legal rights and may not be used to establish them. *Id.*

In the parole context, the only relief an inmate can obtain through mandamus is for the Board to follow proper procedures and apply the proper law in ruling on his application for parole. *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 777 (Pa. Cmwlth. 1997). Mandamus will not be used to direct the Board to exercise its judgment or discretion in a particular way or to direct the retraction or reversal of an action already taken. *Nickson v. Pa. Bd. of Prob. & Parole*, 880 A.2d 21, 23 (Pa. Cmwlth. 2005).

The options for an inmate seeking review of the Board's denial of parole are also limited by the nature of parole itself. *Weaver*, 688 A.2d at 769. A grant of parole does not eliminate an inmate's sentence; the inmate continues to serve his sentence, during which time he is the subject of society's rehabilitation efforts under supervision. *Id.* As such, parole is nothing more than a possibility, and, if granted, it is a favor bestowed as a matter of grace and mercy shown by the Commonwealth to an inmate who has demonstrated a probable ability to function as a law-abiding citizen in society. *Id.* at 770.

Because parole is a favor, an inmate who has not yet been released and has not therefore acquired the limited liberty interest of a parolee has extremely

4

limited substantive or procedural due process guarantees. *Weaver*, 688 A.2d at 770; *Franklin v. Pa. Bd. of Prob. & Parole*, 476 A.2d 1026, 1027 (Pa. Cmwlth. 1984). The only due process rights afforded to an inmate denied parole "lie in making sure the Board followed the minimum duties required by the law," including considering certain enumerated factors and providing the inmate with a brief statement of the reasons why he was denied parole. *Homa v. Pa. Bd. of Prob. & Parole*, 192 A.3d 329, 334 (Pa. Cmwlth. 2018).

Recognizing the nature of parole and that its denial is not an agency decision in the ordinary sense, Section 101 of the Administrative Agency Law, 2 Pa.C.S. §§ 501-508, 701-704, expressly provides that denial of parole is not an adjudication subject to judicial review on appeal. 2 Pa.C.S. § 101 (excluding parole determinations from definition of "adjudication"). Challenges to a parole denial may be raised in a mandamus action, as Wells has done here, *see Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319, 323 n.5 (Pa. 1999); however, the Board has broad discretion in parole matters, and it alone may determine whether or not an inmate is sufficiently rehabilitated to serve the remainder of his sentence outside the confines of prison. *Weaver*, 688 A.2d at 770.

Wells's Petition asserts that the Board failed to conform with statutory and regulatory requirements because it relied on false information to deny his parole application and thereby also violated his due process rights. Petition at 5; Wells's Br. at 1-4, 7-8 & 11. The Board objects that this averment does not state a claim sufficient to warrant the relief Wells seeks.[3] Preliminary Objections at 7-8; Board's Br. at 8-10. We agree.

---

[3] The Board also asserts that this Court lacks jurisdiction because its determinations to grant or deny parole have been found unreviewable. Board's Br. at 8-10 (citing *Reider v. Pa. Bd. of Prob. & Parole*, 514 A.2d 967 (Pa. Cmwlth. 1986)). However, the Board's preliminary

5

Wells relies on decisions that pertain to inaccurate information in sentencing where, unlike in the parole context, more extensive due process protections have long been recognized. *See* Wells's Br. at 4-5 (citing, *inter alia*, *U.S. v. Tucker*, 404 U.S. 443, 447 (1972)). In *Byrd v. Pennsylvania Board of Probation and Parole*, 826 A.2d 65 (Pa. Cmwlth. 2003), an inmate asserted that the Board denied parole based on incorrect information that he had been classified as a sexually violent offender. *Id.* at 65. In *Toland v. Pennsylvania Board of Probation and Parole*, 263 A.3d 1220 (Pa. Cmwlth. 2021), an inmate claimed that the Board relied on inaccurate information about the number of rape convictions in his record. *Id.* at 1240. Thus, in *Toland* and *Byrd*, the inmates' allegations that the Board relied on incorrect information were based on clearly determinable facts concerning their criminal records which, if true, might arguably indicate that the Board failed to fulfill its statutory duties.

Here, by contrast, Wells's assertion that the Board mistook his criminal motive as rage rather than drug addiction relates to how the Board weighed the nature and circumstances of Wells's crimes, which is one of the factors it is empowered by the Parole Code to consider. 61 Pa.C.S. § 6135(a)(3).[4] Wells's assertion goes to his state of mind at the time he committed his crimes. This is a subjective allegation and, as an unwarranted inference from facts or an expression

---

objections did not raise or develop this argument aside from a passing assertion. *See* Preliminary Objections at 6. Further, while challenges to a parole determination may not be raised as direct appeals, they may be raised in the context of a mandamus action, as Wells has done here. *Rogers*, 724 A.2d at 323 n.5 (Pa. 1999).

[4] The Board is required to consider all of the following factors: "(1) an offender's prison conduct; (2) the recommendation of the confining institution; (3) the nature and circumstance of the offense, any recommendation made by the judge and prosecuting attorney, and the prisoner's general character and background; (4) if there is any prior criminal history; (5) the result of a drug test prior to anticipated release and (6) submission of a satisfactory parole plan." 61 Pa.C.S. § 6135(a).

of opinion, does not bind this Court in the context of the Board's preliminary objections. *Savage*, 257 A.3d at 191.[5] Wells did not have a right to have his explanation of his state of mind decades ago, when he committed violent robberies and assaults of elderly victims after deceiving them to get into their houses, accepted by the Board. The Board did not fail in its statutory obligations by rejecting that explanation. *See* Petition at 4. Therefore, we agree with the Board that Wells's allegations regarding false information have not stated a claim upon which relief may be granted.

Wells also asserts in the Petition that the Board's failure to disclose the sentencing judge's negative parole recommendation to him constituted a due process violation. Petition at 4; Wells's Br. at 10-11. However, Wells provides no legal support for this assertion. The Board objects that it has no duty to disclose the records it relies upon in reaching a parole decision. Preliminary Objections at 8; Board's Br. at 11-12. The Board is correct.

Section 61.2 of the Board's regulations states that "[r]ecords, reports and other written things and information, evaluations, opinions and voice recordings in the Board's custody or possession touching on matters concerning a probationer or parolee are private, confidential and privileged[.]" 37 Pa. Code § 61.2; *see also Jones v. Off. of Open Records*, 993 A.2d 339 (Pa. Cmwlth. 2010) (holding that sentencing judges' parole recommendations are protected from disclosure, even to the concerned inmate); *Vu v. Pa. Bd. of Prob. & Parole*, 200 A.3d 627, 632 (Pa. Cmwlth. 2018) (stating that Section 61.2 does not violate due process because no property rights attach to records that are exempt from disclosure, even if the person

---

[5] We also observe that Wells's state of mind does not diminish the nature of his crimes, which, as stated above, were described by the sentencing court as involving "horrendous" and "extreme" violence, cruelty, and predation. *Commonwealth v. Wells* (Pa. Super., No 2927 EDA 2000, filed Oct. 19, 2021), slip op. at 1 & 4 (unreported).

7

seeking the records is affected). Wells's disclosure claim has therefore alleged neither a failure by the Board to comply with its statutory requirements nor a due process violation.

Wells's Petition also avers that the Board wrongly failed to consider the positive attributes of his prison record, including his completion of academic and other programs, his success in overcoming his crack cocaine addiction, and the presence of family support and a job upon release. Petition at 5. The Board objects that the absence of a discussion of these factors in its decision does not indicate that they were not considered. Preliminary Objections at 8. We agree.

The Board is required only to provide a "brief statement of the reasons for [its] action" and is not statutorily required to discuss every factor it considered. 61 Pa.C.S. § 6139(a)(5); *See also Hollawell v. Pa. Bd. of Prob. & Parole*, 701 A.2d 290, 291 (Pa. Cmwlth. 1997) (stating that the Board's statement of reasons need not be "extremely detailed [or] specific"); *Weand v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 9 M.D. 2015, filed Aug. 14, 2015), slip op. at 4, 2015 WL 5510947, at *2 (unreported) ("Because the Board provided Weand with a statement of reasons for denying his parole, the Board satisfied section 6139(a)(5) of the Code and due process.").[6] Here, the reasons given in the Board's statement—that Wells minimized the nature and extent of his crimes, that he demonstrated insufficient insight into the underlying rage manifestation of his criminal conduct, and that the sentencing judge recommended against parole—were adequate even though his positive record was not expressly addressed in the Board's statement. The Board therefore did not violate due process or fail in its statutory obligations in this regard.

---

[6] Pursuant to Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

In his brief, Wells similarly argues that the Board's statement of reasons is insufficient to inform him of its reasons to deny parole because it is "incomprehensible and contains no reasoning" and does not state or explain "what it means" with regard to the portions denying parole based on his minimization of the nature and circumstances of the offenses committed and his "insufficient insight into the underlying rage manifestation in criminal conduct." Wells's Br. at 8-9. However, the Petition asserts only that the "reasons given by [the Board] are false," not that they are vague. Petition at 4. Specifically, the Petition alleges the Board's statement that Wells has demonstrated "insufficient insight into the underlying rage manifestation in criminal conduct" relied on false information that he acted out of rage rather than due to his crack cocaine addiction. *Id.* The Petition likewise contends the Board's statement that Wells has "minimized the nature and circumstances of the offenses committed" is false because Wells asserts that he has "total insight" into his criminal conduct and so has not minimized the nature and circumstances of his offenses. *Id.* The Petition does not ask for the Board's statement of reasons to be clarified; it asks that this Court compel the Board to "disclose all information relied on in denying parole, to remove all false information from [Wells's] file, to revise the information in [Wells's] file, and immediately interview [Wells] for parole using accurate information." Petition at 6. Thus, the Petition disagrees with the Board's expressed reasons for denying parole, but contrary to Wells's brief, it does not at any point assert that they are not comprehensible. *Id.*

The Board's reasons for denying parole—that Wells has minimized the nature and circumstances of his offenses, failed to demonstrate insight into the underlying rage manifested in his offenses, and that the sentencing judge did not

9

recommend parole—were clearly discernible and sufficient to explain to Wells why his parole was denied. The Petition fails to plead a claim on which relief can be granted regarding the Board's satisfaction of its statutory obligations in this regard.[7]

Finally, Wells argues that the Board's preliminary objections violate the witness-advocate rule. Wells's Opposition at 4; Wells's Br. at 9-10. Wells asserts that the Board's counsel who drafted the preliminary objections

> is not a member of the [Board] who makes decisions about parole. As such, the [Board's counsel] has no basis to controvert the allegations in the Petition when procedural due process requires the Board to issue a notice of action which explains in simple language the rationale for denying parole. The Preliminary Objections consists [sic] almost exclusively of unsworn representations of [the Board's counsel] in violation of the witness-advocate rule which prohibits the attorney from testifying. Worse yet, the Preliminary Objections make changes to the Notice of Action which is required to give explicit reasons for the Board's decision. Nowhere in the Notice of Action does it state that the reasons for denying parole are "non-inclusive."

Wells's Opposition at 1-2 (citation omitted). Wells avers that in drafting the Board's objections, the Board's counsel therefore improperly "testified" to "facts and factors outside the Board's notice of action" and that an attorney "may make arguments but

---

[7] Wells also argues in his brief that the Board's statement fails to "reflect the use of validated assessment tools, be evidence based, and take into account available research . . . relating to the risk of recidivism, minimizing the threat posed to public safety and factors maximizing the success of reentry" as required by Section 2154.5 of the Judicial Code, 42 Pa.C.S. § 2154.5. *Id.* at 9. Section 2154.5 sets forth requirements for parole guidelines to be adopted by the Pennsylvania Commission on Sentencing. It does not govern the Board's statements of reasons for denying parole in individual cases. Therefore, it is not relevant in this matter.

10

cannot invent facts to fill gaps left by the deficient notice of action."[8] Wells's Br. at 9-10. This contention is unavailing.

First, although Wells asserted in his opposition filing that the Board's preliminary objections "consist almost exclusively of unsworn representations" by the Board's counsel, the only aspect of the Board's preliminary objections that Wells specifically challenged as improper in that filing was the Board's statement in its objections that "the Board listed a host of non-inclusive reasons" for denying parole in its decision. Wells's Opposition at 2 (presumably referring to the Board's Preliminary Objections at 1). However, the Board's decision, as quoted in Wells's Petition, specifically stated at the outset that the Board considered all requisite matters and, in the exercise of its discretion, denied parole for reasons that included "minimization of the nature and circumstances of the offenses committed" and "insufficient insight into the underlying rage manifestation in criminal conduct," as well as the negative parole recommendation of Wells's sentencing judge. Wells's Petition at 1-2 (quoting the Board's decision) (additional quotation marks omitted). Thus, the Board clearly stated that it considered all of the factors required by 61 Pa.C.S. § 6135(a), but limited the substance of its decision to the specific factors it weighted most heavily in its determination to deny Wells's parole application. This was the equivalent of using the word "non-inclusive" in its decision. The Board's subsequent characterization of the decision as "non-inclusive" in its preliminary objections did not improperly assert a fact outside the Board's decision or mischaracterize the decision.

Contrary to Wells's assertion that the Board's preliminary objections "consists [sic] almost exclusively of unsworn representations" by the Board's

---

[8] In this context, "notice of action" appears to refer to the Board's statement of reasons for denying Wells's parole application.

11

drafting counsel, the Board's preliminary objections contain no factual assertions not already made in the Board's decision or admitted by Wells in his Petition. The Board's objections quote the Board's reasons for denial, summarize the allegations and prayer for relief in Wells's counseled Petition, set forth the relevant legal standards, and explain why the Board believes that, as a matter of law, Wells has not stated a claim upon which relief may be granted. Board's Preliminary Objections at 1-8. The Board's objections assert that it was required by statute to consider the nature and circumstances of Wells's offenses, including their violent character, but was not required to accept Wells's subjective explanation that his crimes arose from addiction rather than rage. *Id*. at 7. The objections also state that the Board was permitted to conclude that Wells minimized the nature and extent of his crimes; had no legal duty to disclose the sentencing judge's negative parole recommendation to Wells; and that for the purposes of a demurrer, there is "no reason to believe that the Board failed in its duty to carefully consider and weigh a myriad of factors" in its discretionary decision to deny Wells's application for parole, including the positive aspects of Wells's record while incarcerated. *Id*. at 7-8. We see nothing in the Board's objections that can be read as improperly supplementing or changing the facts in the Board's decision (or those in Wells's Petition) such that the witness-advocate rule has been violated. Wells has therefore not stated a claim sufficient to warrant relief in this regard.

### III. Conclusion

In the parole context, the only relief an inmate can obtain through mandamus is for the Board to follow proper procedures and apply the proper law in making a parole determination. *Weaver*, 688 A.2d at 777. Although Wells averred

12

in his Petition that the Board failed to do so in his case, the foregoing analysis shows that he has not stated a claim upon which relief may be granted in any of the grounds he asserted; therefore, mandamus is not warranted. The Board's preliminary objections in the nature of a demurrer are sustained and Wells's Petition is dismissed with prejudice.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Wells,                          :
                Petitioner          :
                               :
        v.                           :
                               :
Pennsylvania Parole Board,           :    No. 455 M.D. 2021
                Respondent          :

## O R D E R

AND NOW, this 30th day of November, 2022, the preliminary objections of the Pennsylvania Parole Board are SUSTAINED and John Wells's Petition for Review in the Nature of Mandamus is DISMISSED with prejudice.

_____

CHRISTINE FIZZANO CANNON, Judge