IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Dunbar,                             :
                        Petitioner         :
                                            :
        v.                                  : No. 480 M.D. 2022
                                            : Submitted: March 4, 2025
Josh Shapiro, Attorney General,             :
                        Respondent         :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE STACY WALLACE, Judge (P.)
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  May 21, 2025


        Former Attorney General of Pennsylvania Josh Shapiro[1]  (Attorney General)

has filed a preliminary objection (PO) to Gregory Dunbar's (Dunbar)[2] *pro se* petition

for review (Petition) seeking mandamus and declaratory relief filed in this Court's

---

[1]  On  January  17,  2023,  former Attorney General Josh  Shapiro  was  sworn  in  as
Pennsylvania's Governor. As of January 21, 2025, David W. Sunday is Pennsylvania's Attorney
General.

[2] Gregory Dunbar is an inmate in the custody of the Pennsylvania Department of Corrections,
currently housed at the State Correctional Institution at Mahanoy. *See Inmate Locator*, Pa. Dep't
of Corr., https://inmatelocator.cor.pa.gov/#/ (last visited May 20, 2025).

original jurisdiction.[3] In his Petition, Dunbar asserts the Attorney General failed to timely act on his private criminal complaints against John Wetzel, former Secretary of Corrections, Raymond Dorian, and two Pennsylvania State Police troopers, in violation of Pennsylvania Rule of Criminal Procedure 506(A) (Rule 506(A)), Pa.R.Crim.P. 506(A). Concluding that Dunbar's Petition fails to set forth a claim on which relief can be granted, we sustain the Attorney General's PO in the nature of a demurrer and dismiss Dunbar's Petition.

## BACKGROUND

Dunbar filed his Petition on September 21, 2022.[4] In his Petition, Dunbar alleges that on November 8, 2018, the Cumberland County District Attorney's Office (District Attorney) forwarded the private criminal complaints Dunbar filed against John E. Wetzel, Raymond W. Dorian, and two Pennsylvania State Police troopers to the Attorney General.[5] Petition at 2. Dunbar asserts the Attorney General then failed to approve or disapprove his private criminal complaints without "unreasonable delay" in violation of Rule 506(a). *Id.*

---

[3] Dunbar's pleading is captioned "Petition for Review for Injunctive/Writ of Mandamus Relief" and, in it, he requests the following relief: (1) "Declaratory relief; declaring [the Attorney General's] bad faith delay violated [Dunbar's First] Amendment Access to the court system, violated his public oath, general rule 506(a), Federal due process, and [the Attorney General's] discretionary powers and Pa.Const.Art. I, Sec. 26 which is discriminatory conduct" and (2) "Order to respondent, conform his processing of complaint procedures in compliance with law, equally to private citizens, and public officials and employees." Petition, at 4.

[4] After the filing of the Petition, Dunbar filed a series of motions with this Court, including two Motions for Summary Judgment, which this Court denied on December 14, 2022, and February 28, 2024. Order 12/14/22; Order 2/28/24.

[5] Dunbar's Petition alleges the District Attorney forwarded Dunbar's private criminal complaints to the Attorney General due to a "conflict of interest." *See* Petition, at 2. However, the referenced letter which is attached to the Petition, makes no mention of the District Attorney having a conflict of interest.

2

Attached to Dunbar's Petition are four letters from the District Attorney. *Id.* at 5-8. The first letter, dated April 12, 2017, advised Dunbar that the District Attorney received and reviewed his private criminal complaint alleging official oppression by John E. Wetzel, and forwarded it to the Pennsylvania State Police for investigation. *Id.* at 6. The second letter, dated September 21, 2017, advised Dunbar that the District Attorney received and reviewed his private criminal complaints concerning two Pennsylvania State Police troopers, and concluded there was insufficient evidence to support the filing of criminal charges, and thus the District Attorney declined to prosecute. *Id.* at 8. The third letter, dated September 26, 2018, informed Dunbar that the District Attorney received and reviewed his private criminal complaint against Raymond W. Dorian, and concluded there was insufficient evidence to support the filing of criminal charges in that matter. *Id.* at 7. The final letter, dated November 8, 2018, advised Dunbar that "every private criminal complaint [he] filed with the [District Attorney]" was forwarded to the Attorney General's Office. *Id.* at 5.

In response to Dunbar's Petition, the Attorney General filed a PO on April 1, 2024. In the PO, the Attorney General contends Dunbar failed to state a claim for which relief may be granted under Pennsylvania Rule of Civil Procedure 1028(a)(4), Pa.R.Civ.P. 1028(a)(4). Specifically, the Attorney General argues because a private citizen does not have a judicially cognizable interest in the prosecution or nonprosecution of another, Dunbar's Petition fails to state a claim. PO at 3. On April 19, 2024, Dunbar filed an answer[6] to the Attorney General's PO, in which he

---

[6] Dunbar's filing is titled "Petitioner's Preliminary Objection and Requesting Summary Judgment." In this filing, Dunbar objects to the Attorney General's demurrer. Dunbar's Answer, at 1. Additionally, Dunbar states: "The petitioner respectfully request[s] summary judgment be granted to petitioner in that the full court held, a speaking demurrer must be overruled." *Id*. at 3 (citation omitted). Therefore, we treat Dunbar's filing as an answer to the Attorney General's PO.

argues "[t]he legal authority the [Attorney General] is relying on is misplaced, in that it's based on law from another state concerning a citizen has a judicially cognizable interest in the prosecution or nonprosecution of another." Dunbar's Answer at 2 (citation omitted).

## DISCUSSION

Pennsylvania Rule of Appellate Procedure 1516(b) authorizes the filing of preliminary objections to an original jurisdiction petition for review. Pa.R.A.P. 1516(b). In ruling on preliminary objections, we consider the Petition and any attached documents or exhibits. *Fremore v. Dep't of Corr.*, 231 A.3d 33, 37 (Pa. Cmwlth. 2020) (citation omitted). Pennsylvania Rule of Civil Procedure 1028(a)(4) permits a respondent to object to a complaint on grounds that it fails to state a cause of action upon which relief may be granted, *i.e.*, a demurrer. Pa.R.Civ.P. 1028(a)(4). When addressing a preliminary objection in the nature of a demurrer, we "must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom." *Torres v. Beard*, 997 A.2d 1242 (Pa. Cmwlth. 2010) (citation omitted). However, we do "not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Richardson v. Beard*, 942 A.2d 911, 913 (Pa. Cmwlth. 2008). Where it is "clear and free from doubt" that facts pled are legally insufficient to establish a right to relief, we will sustain a preliminary objection. *Id.*

Under this standard, we consider whether Dunbar's Petition states a claim for which this Court can grant relief. First, we address Dunbar's request for mandamus relief in the form of an order compelling the Attorney General to "conform his processing of complaint procedures in compliance with the law." *See* Petition at 4.

4

Mandamus is an extraordinary remedy which compels the official performance of a ministerial act or a mandatory duty. *Byrd v. Pa. Bd. of Prob. & Parole*, 826 A.2d 65, 66-67 (Pa. Cmwlth. 2003) (citation omitted). We will only issue a writ of mandamus when the petitioner demonstrates (1) a clear legal right to relief, (2) a corresponding duty on the respondent to act, and (3) lack of an alternative legal remedy. *Toland v. Pa. Bd. of Prob. & Parole*, 263 A.3d 1220, 1232 (Pa. Cmwlth. 2021). It is not the purpose of mandamus to establish legal rights, but rather, to enforce rights that are already established. *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007). Furthermore, "a writ of mandamus can be used to compel a public official to exercise discretion where the official has a mandatory duty to perform a discretionary act and has refused to exercise discretion." *Seeton v. Adams*, 50 A.3d 268, 274 (Pa. Cmwlth. 2012). In the context of a discretionary act, while a court can issue such a writ mandating the exercise of the official's discretion in some fashion, a court cannot require that it be exercised in a particular manner. *Stodghill v. Pa. Dep't of Corr.*, 150 A.3d 547, 552 (Pa. Cmwlth. 2016), *aff'd*, 77 A.3d 182 (Pa. 2018) (citation omitted).

Rule 506 allows private citizens to request the initiation of criminal proceedings against others by submitting a private criminal complaint for review by an attorney of the Commonwealth – a district attorney or the Attorney General. *See* Pa.R.Crim.P. 506. Regarding the submission and approval of private criminal complaints, Rule 506 provides as follows:

> (A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

> (B) If the attorney for the Commonwealth:

(1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506.

If the [private complainant] believes the District Attorney was in error in disapproving his complaint, his remedy . . . is to submit the disapproved complaint to a Judge of a court of common pleas. The judge's independent review of the complaint serves as a check and balance of the district attorney's decision and protects against the possibility of error.

*Com. v. Pritchard*, 596 A.2d 827, 833 (Pa. Super. 1991).[7]

Here, the District Attorney reviewed Dunbar's private criminal complaints and provided him responses on all four. The District Attorney denied three of the complaints and referred the final complaint to the Pennsylvania State Police for investigation. Insofar as Dunbar had the right to have his private criminal complaints reviewed by an attorney for the Commonwealth under Rule 506, he had no right to approval by the District Attorney or to a secondary review by the Attorney General after receiving denials from the District Attorney. Upon receiving the denials, Dunbar's alternative legal remedy was to petition the court of common pleas for review of the District Attorney's decisions under Rule 506. Looking at the Petition and attached documents, it is unclear whether Dunbar petitioned the court of common pleas for review of the District Attorney's denial of his private criminal complaints. Regardless, Dunbar has failed to establish a clear legal right to the

---

[7] Superior Court decisions are not binding on this Court, but may be cited for their persuasive value. *Lerch v. Unemployment Compensation Bd. of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

Attorney General's review of private criminal complaints that the District Attorney previously reviewed. Moreover, Rule 506 provides an option to challenge the District Attorney's denials at the court of common pleas. Because Dunbar has not shown a clear right to relief or that an alternative, adequate remedy does not exist considering that submitting the complaint to the court of common pleas does exist, Dunbar is not entitled to relief in mandamus. Furthermore, because Dunbar has no right to the Attorney General's review of his private criminal complaints under Rule 506, Dunbar's request for declaratory relief likewise fails.[8]

## CONCLUSION

Because Dunbar has failed to set forth a claim for which this Court can grant mandamus or declaratory relief, we sustain the Attorney General's PO in the nature of a demurrer and dismiss Dunbar's Petition with prejudice.

_____
STACY WALLACE, Judge

---

[8] Requests for declaratory relief are governed by the provisions of the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531-7541. The purpose of the Declaratory Judgments Act is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." 42 Pa.C.S. § 7541(a). Section 7532 of the Declaratory Judgments Act provides: "Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." 42 Pa.C.S. § 7532. A petitioner bringing an action under the Declaratory Judgments Act "must allege an interest . . . which is direct, substantial and present . . . and must demonstrate the existence of an actual controversy related to the invasion or threatened invasion of one's legal rights." *Bowen v. Mount Joy Twp.*, 644 A.2d 818, 821 (Pa. Cmwlth. 1994). Here, Dunbar has failed to plead an existing legal right over which there exists an actual case or controversy. Therefore, he is not entitled to the declaratory relief he seeks in the form of an order "declaring [the Attorney General's] bad faith delay violated [his First] Amendment Access to the court system, violated his public oath, general rule 506(a), Federal due process, and [the Attorney General's] discretionary powers and Pa.Const.Art. I, Sec. 26 which is discriminatory conduct." *See* Petition, at 4.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Dunbar,                          :
                      Petitioner          :
                                          :
        v.                                : No. 480 M.D. 2022
                                          :
Josh Shapiro, Attorney General,          :
                      Respondent   :

# **O R D E R**

**AND NOW**, this 21st day of May 2025, the Preliminary Objection filed by Josh Shapiro, Attorney General is **SUSTAINED**, and Gregory Dunbar's Petition for Review is **DISMISSED WITH PREJUDICE**.

_____
STACY WALLACE, Judge