Jon A. GERBRACHT and Suellen L. Gerbracht, husband and wife

v.

FAIRVIEW, HARBORCREEK AND MILLCREEK TOWNSHIPS UCC APPEALS BOARD and Township of Millcreek.

Jon A. Gerbracht and Suellen L. Gerbracht, husband and wife, and Frank Blackman

v.

Township of Millcreek.

Appeal of: Jon A. Gerbracht, Suellen L. Gerbracht, and Frank Blackman.

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 2012.

Decided Jan. 30, 2013.

Michael A. Braymer, Erie, for appellants.

Evan E. Adair, Erie, for appellee Township of Millcreek.

Edward J. Betza, Erie, for appellee Fairview, Harborcreek and Millcreek Townships UCC Appeals Board.

BEFORE: LEAVITT, Judge, and BROBSON, Judge (P.), and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Jon A. Gerbracht and Suellen L. Gerbracht (collectively, Gerbracht) appeal from the March 13, 2012, order of Judge Dunlavey of the Court of Common Pleas of Erie County (trial court), which denied Gerbracht's consolidated appeals from the revocation of a building permit and the rescission of a road occupancy permit. The trial court determined that the Fairview, Harborcreek and Millcreek Townships Uniform Construction Code Appeals Board (UCC Board) properly concluded that it did not have jurisdiction to review the May 5, 2011, letter issued by Edward Cody (Building Code Official), revoking the electrical service identified in a building permit issued to Gerbracht. The trial court also determined that Gerbracht did not have a valid zoning permit. The trial court further stated that "[i]n order for the Gerbrachts' [sic] to proceed, they must be given due notice of the alleged violations, therefore Millcreek Township shall provide the Gerbrachts' [sic] with a detailed letter delineating why Appellants['] permits were rescinded."[1] (Gerbracht Br. at Ex. A–1.) We reverse and remand in part, reverse in part, vacate and remand in part, and sever the consolidation.

Gerbracht owns a dwelling at 206 Forest Park Drive and a lot at 3433 Lake Front Road in Millcreek Township (Millcreek). Gerbracht sought to construct a dwelling (beach house) at 3433 Lake Front Road. On August 26, 2009, the Millcreek Township Zoning Hearing Board (ZHB) issued an adjudication, declaring that construction of a dwelling on lot 3433 Lake Front Road was a permitted use and granted a variance to the off-street parking requirement. As a result, Millcreek issued Gerbracht a zoning permit on January 13, 2010. (Reproduced Record (R.R.) at 239a.)[2] A building permit previously is-

1. The trial court opinion does not specifically reference the road occupancy permit.

2. Millcreek had previously issued zoning permits to Gerbracht on February 28, 2006, and March 19, 2007. However, those permits were revoked due to Gerbracht's failure to commence construction within one year from issuance of the permits.

sued was extended/reinstated in lieu of a new permit. (R.R. at 18a.)

According to the plans, electric service for the dwelling would be provided by a 200–amp overhead line. (R.R. at 115a.) The service would extend along a 10–foot pathway to the beach. (R.R. at 210a.)

On December 1, 2010, Judge Garhart conducted a hearing pursuant to a motion to remove utility lines filed by Gerbracht's neighbors. Neither Millcreek nor the UCC Board was a party to this proceeding. The hearing concerned Gerbracht's use of the 10–foot pathway to the beach for electric service. At the hearing, Gerbracht presented an alternative plan for the permanent installation of electric service via nearby 6–foot and 15–foot rights-of-way, thus avoiding the 10–foot pathway to the beach. Judge Garhart issued an order authorizing temporary use of the 10–foot pathway to the beach until June 1, 2011, at which time Gerbracht was to install permanent electric service via the 15–foot right-of-way. (R.R. at 20a–21a.)

After the hearing, Frank Blackman (Blackman), Gerbracht's electrician, met with Millcreek officials to determine what approvals were necessary to install electric service via the 6–foot and 15–foot rights-of-way. Millcreek's zoning officer, Charles Pierce, stated that no approvals were necessary relative to Millcreek Township Bluff Recession Setback Ordinance, No. 81–9 (Bluff Ordinance).[3] (R.R. at 111a–112a, 127a–130a.)

On March 17, 2011, Blackman again met with Millcreek officials who explained that because installation of the permanent electric service down the 6–foot and 15–foot rights-of-way required minor excavation within a Millcreek right-of-way, a road occupancy permit was required pursuant to Millcreek Ordinance No. 65–19. (R.R. at 23a–24a, 141a, 144a.) On April 5, 2011, Blackman obtained a road occupancy permit. (R.R. at 26a.)

In a letter dated April 27, 2011, Millcreek rescinded the road occupancy permit. (R.R. at 25a.)[4] Counsel for Gerbracht phoned Millcreek officials and was told that Millcreek rescinded the road occupancy permit because of possible application of the Bluff Ordinance and because of "neighborhood controversy" regarding use of the 6–foot and 15–foot rights-of-way. (R.R. at 12a, 214a.)

Unrelated to the rescission of the road occupancy permit, in a letter dated May 5, 2011, the Building Code Official revoked the electrical service identified in Gerbracht's building permit. The letter explained that "[d]ue to the means and methods designed to provide electrical service to the above referenced structure, Millcreek Township zoning regulations require approval and permit issuance for this installation." (R.R. at 51 a.) The Building Code Official testified that he revoked the building permit because he received a "directive from the township zoning officer that there were still outstanding issues." (R.R. at 132a.)

---

3. Section 4 of the Bluff Ordinance prohibits construction or installation of a "substantial improvement" to any structure or utility facility such as but not limited to "water, sewage, electric, gas, oil or telephone" in a designated bluff recession hazard area without first obtaining a written permit from Millcreek's code enforcement officer.

4. The letter merely states that "[t]he Millcreek Township Engineer, Richard Morris, has instructed me to rescind the Road Occupancy Permit for electrical service between 3314 and 3322 Forest Drive [sic]." (R.R. at 25a.) Additionally, the letter provides that "[s]hould you have any questions regarding this action, please contact the engineer, Rick Morris or the Millcreek Township Supervisors...." (*Id.*)

On May 27, 2011, Gerbracht filed a local agency appeal and request for a *de novo* hearing with the trial court from Millcreek's decision to rescind the road occupancy permit.

On June 2, 2011, Gerbracht filed an appeal with the UCC Board from the May 5, 2011, revocation of the electrical services section of the building permit. After a hearing, the UCC Board issued a decision determining that it lacked jurisdiction to hear Gerbracht's appeal as to the building permit. The UCC Board concluded that "[t]he basis for the revocation was not any provision of the Uniform Construction Code, but, rather, centered around easement issues, state environmental regulations, and Millcreek Township's Bluff Recession and Setback Ordinance." (R.R. at 92a.) On August 15, 2011, Gerbracht filed a local agency appeal with the trial court from the determination of the UCC Board that it lacked jurisdiction over Gerbracht's building permit appeal.

On February 7, 2012, the trial court heard oral arguments regarding Gerbracht's building permit appeal. In an order dated February 8, 2012, the trial court consolidated the building permit appeal and the road occupancy appeal.

On March 2, 2012, at the direction of the trial court, Gerbracht filed an amended local agency appeal, amending the pleadings to include evidence as to whether Gerbracht held a valid zoning permit. Without further hearings, the trial court issued an order on March 13, 2012, denying both of Gerbracht's appeals. The order of the trial court provides in pertinent part:

This Court finds that there is not a valid zoning permit for the property located at 3433 Lake Front Road. The permit issued by the variance granted at the Millcreek Township Zoning Hearing Board adjudication dated August 26, 2009 (Appeal No. 09–13) does not continue in perpetuity and was rescinded for purposes other than those considered in the adjudication.

While this Court does not rule on whether the Bluffs Recession Setback Ordinance applies to this property, the Court finds persuasive and peculiar that the variance decision of 2008 fails to even consider the Bluffs Recession Setback Ordinance, and that it was never an issue in the permit process until several years into the project. However, the UCC Appeals Board does not have jurisdiction over permit rescissions that are not based on the Uniform Construction Code. The rescission of the Gerbracht's permit must be handled through proper channels under the Millcreek Township's ordinances. However, in order for the Gerbrachts' [sic] to proceed, they must be given due notice of the alleged violations, therefore Millcreek Township shall provide the Gerbrachts' [sic] with a detailed letter delineating why Appellants permits were rescinded.

(Gerbracht's Br. at Ex. A–1.) This appeal followed.[5] To date, Millcreek has not provided Gerbracht a letter detailing why the permits were rescinded.

On appeal, Gerbracht raises issues concerning the building permit, the zoning permit, the road occupancy permit, and consolidation.

■ The first issue we address is whether the trial court erred in determin-

---

5. When reviewing a trial court's decision in a local agency appeal, this court's review is limited to determining whether constitutional rights were violated, an error of law commit-ted, or whether the agency's findings are supported by substantial evidence. *Samsel v. Uniform Construction Code Board of Appeals*, 10 A.3d 412, 413–14 n. 2 (Pa.Cmwlth.2010).

ing that the UCC Board lacked jurisdiction over Gerbracht's appeal from the Building Code Official's revocation of the electrical service section of Gerbracht's building permit. Gerbracht argues that, in accordance with the Uniform Construction Code (UCC) and Millcreek's Ordinance, the UCC Board has the authority to hear appeals from determinations of a building code official. We agree.

The Pennsylvania Construction Code Act (Act), Act of November 10, 1999, P.L. 491, *as amended,* 35 P.S. §§ 7210–101– 7210–1103, was enacted to establish uniform and modern construction standards. *Flanders v. Ford City Borough Council,* 986 A.2d 964, 969 (Pa.Cmwlth.2009). In accordance with the Act, the Department of Labor and Industry promulgated regulations known as the UCC. Municipalities, such as Millcreek, that have adopted the UCC are required to establish a board of appeals. Section 501(c) of the Act, 35 P.S. § 7210.501(c); 34 Pa.Code § 403.121(a). Pursuant to an inter-governmental cooperation agreement, Millcreek joined with neighboring townships Fairview and Harborcreek to establish the UCC Board.

In accordance with 34 Pa.Code § 403.121(b), "[t]he board of appeals shall hear and *rule on appeals,* requests for variances and requests for extensions of time." (Emphasis added.) Further, 34 Pa.Code § 403.122(a) provides that an owner "may seek a variance or extension of time or *appeal a building code official's decision....*" (Emphasis added.) This is consistent with Millcreek Ordinance 3.07, which authorizes the UCC Board "to hear

appeals from decisions of the building code official...." We agree with Gerbracht that because the Building Code Official revoked the building permit, in accordance with the UCC and the Millcreek Ordinance, an appeal to the UCC Board was proper.

In accordance with 34 Pa.Code § 403.63(f), "[a] building code official may suspend or revoke a permit issued under the Uniform Construction Code when the owner does not make the required changes directed by the building code official under subsection (c), *when the permit is issued in error, on the basis of inaccurate or incomplete information or in violation of any act, regulation, ordinance* or the Uniform Construction Code." (Emphasis added.) Further, "[a]n application for appeal [to the UCC Board] shall be based on a claim that the true intent of the act or Uniform Construction Code has been incorrectly interpreted, the provisions of the act or Uniform Construction Code do not fully apply or an equivalent form of construction is to be used." 34 Pa.Code § 403.121(b).

In this case, after the Building Code Official revoked the building permit, Gerbracht appealed to the UCC Board claiming that the intent of the UCC was incorrectly applied. (R.R. at 52a). Specifically, although 34 Pa.Code § 403.63(f) authorizes the Building Code Official to revoke a permit when it has been issued in error, on the basis of inaccurate or incomplete information, or in violation of any act, regulation, ordinance or the UCC, no authority made a determination that any of the above events occurred.[6] Gerbracht claims

---

**6.** We note that Millcreek Ordinance 10.07.1(10) authorizes the zoning administrator to revoke a permit if it was "issued in reliance upon information submitted by the applicant which is later found to be materially untrue, or has been issued improvidently.... Such revocation shall be in writing and state

the reason(s) for revocation...." Further, Millcreek Ordinance 10.05.2(1) authorizes the zoning administrator to suspend or revoke a permit for a variety of reasons, including violations of the terms of the permit or failure to satisfy conditions imposed on the permit, and provides that the "[z]oning officer shall notify

that the testimony of the Building Code Officer that he revoked the permit because Millcreek informed him of "outstanding issues" is an insufficient basis for the Building Code Officer to revoke the building permit.

Although we agree with the UCC Board and Millcreek that it is not the function of the UCC Board to determine what ordinances apply to Gerbracht, the UCC Board must determine whether the Building Code Official had authority under the regulations to revoke the permit. Here, the UCC Board concluded that "the basis for the revocation was not any provision of the UCC Code." (R.R. at 92a.) However, the UCC Board must further determine whether, based on the record, the Building Code Officer had a sufficient basis to revoke the permit, under 34 Pa.Code § 403.63(f), because of evidence that the permit was issued in error, on the basis of inaccurate or incomplete information, or because Gerbracht was in violation of any act, regulation, or ordinance.[7]

■ Next, we address Gerbracht's vested right issue. Although Gerbracht argues that he has a vested right in the building permit, we agree with the UCC Board and Millcreek that this is not a proper issue for the UCC Board to consider. As previously stated, an appeal to the UCC Board "shall be based on a claim that the true intent of the act or Uniform Construction Code has been incorrectly interpreted, the provisions of the act or Uniform Construction Code do not fully apply or an equivalent form of construction is to be used." 34 Pa.Code § 403.121(b). Gerbracht's claim of a vested right is not encompassed within those claims that the UCC Board may consider.

■ Gerbracht next argues that the trial court erred in *sua sponte* raising the issue of whether Gerbracht had a valid zoning permit. Pursuant to Local Agency Law, 2 Pa.C.S. § 753(a), if a full and complete record was created before an agency, issues not raised before the agency generally may not be raised on appeal. Neither party raised the issue of whether Gerbracht had a valid zoning permit before any local agency and, thus, the trial court could not raise the issue. It is improper for a trial court to raise an issue, other than jurisdiction, *sua sponte*. *See Hartman v. City of Allentown*, 880 A.2d 737, 749 (Pa.Cmwlth.2005). In its order, the trial court held that "there is not a valid zoning permit for the property located at 3433 Lake Front Road." (Gerbracht Br. at Ex. A-1.) Gerbracht argues, however, that Millcreek has not taken any action to revoke the zoning permit. We agree that the trial court improperly raised the issue,

the UCC building code official promptly upon suspension or revocation of a Zoning Permit." This is consistent with Millcreek's Uniform Construction Code 2.02.6.4, which states:

The Zoning Administrator or other Township officials responsible for enforcement of regulations other than those in the UCC and this Ordinance shall retain full authority to enforce such regulations. A stop-work order issued by a Township officer after violation of a regulation subject to the zoning permit shall be communicated to the building code official, who shall suspend work on UCC-related activities for the subject property until such time as the Township certifies that violations of the zoning permit have been corrected.

We note that although Millcreek argues that Gerbracht has deviated from the terms of the permits, there is nothing in the record indicating that Millcreek or its zoning administrator has initiated any proceedings against Gerbracht with respect to permit violations.

7. Because we reverse the order of the trial court with instructions to remand to the UCC Board for a hearing on the merits of Gerbracht's case, we need not address Gerbracht's argument that he was denied due process.

and nothing in the record indicates that Millcreek revoked Gerbracht's zoning permit. Accordingly, we reverse the trial court's order insofar as it provides that Gerbracht does not have a valid zoning permit.

We next address the road occupancy permit. As previously stated, Gerbracht obtained a road occupancy permit on April 5, 2011. Then, on April 27, 2011, Millcreek, without a hearing or explanation, rescinded the permit.[8] Gerbracht filed a local agency appeal and request for a *de novo* hearing with the trial court. (R.R. at 7a.) The trial court, which had already conducted oral argument with respect to the building permit appeal on February 7, 2012, consolidated the road occupancy and building permit appeals on February 8, 2012. (R.R. at 206a, 208a.) The trial court held no further hearings and thereafter issued its decision denying Gerbracht's appeal.[9]

■ Gerbracht argues that Millcreek failed to comply with Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754, because Millcreek failed to provide a written explanation as to why it rescinded the road occupancy permit. In accordance with 2 Pa. C.S. § 754(a), "[i]n the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to the agency...." Because no local agency made a complete record concerning the road occupancy permit, Gerbracht argues that the trial court should have heard the appeal *de*

*novo* or remanded the matter to the agency for a hearing and determination.

Millcreek argues that Gerbracht's reliance on local agency law is misplaced. Neither Millcreek nor its zoning administrator rendered an "adjudication" leaving Gerbracht without recourse. Millcreek argues that Gerbracht sought to alter the method and location of providing electrical service from what was presented in the initial application and should have filed an application to amend the permits, including the road occupancy permit. Millcreek Ordinance 10.02.7 authorizes amendments to issued permits. As previously stated, however, neither Millcreek nor its zoning administrator made a definitive determination that Gerbracht has deviated from the initial application.

■ Here, without notice or an opportunity to be heard, Millcreek rescinded the road occupancy permit without explanation. Gerbracht maintains that Millcreek Ordinance 65–19, which addresses road occupancy and use of rights-of-way, does not provide for an administrative process to appeal a rescission of a road occupancy permit at the local agency level. Similarly, The Second Class Township Code[10] does not provide an administrative process to appeal the rescission of a road occupancy permit. Where, as here, an administrative process for hearing an appeal from a local agency adjudication does not exist, a *de novo* hearing before the trial court is the proper forum for such an appeal. *See Elliott v. City of Pittsburgh*, 162 Pa. Cmwlth. 180, 638 A.2d 413, 415–16 (1994).

---

8. The letter, signed by the Engineering Inspector, provides that "[t]he Millcreek Township Engineer, Richard Morris, has instructed me to rescind the Road Occupancy Permit for electrical service between 3314 and 3322 Forest Drive." (R.R. at 25a.)

9. The trial court conducted oral argument regarding the building permit appeal on Feb-

ruary 7, 2012. (R.R. at 206a.) Counsel for Millcreek did not attend the hearing. On February 8, 2012, the trial court consolidated the appeals. (R.R. at 208a.)

10. Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101–68701.

Accordingly, a remand to the trial court for the purpose of conducting a *de novo* hearing with respect to the road occupancy permit is warranted.[11]

■ Finally, we address the issue of consolidation. In accordance with Pa. R.C.P. No. 213(a), a court may order consolidation for actions "which involve a common question of law or fact or which arise from the same transaction or occurrence. . . ." Here, although construction of the beach house creates the need for both the building permit and the road occupancy permit, consolidation of the appeals is unwarranted because the permits were revoked by different entities, at different times, and under different circumstances.

Additionally, because the UCC Board shall conduct a hearing regarding the revocation of the building permit and the trial court is directed to conduct a *de novo* hearing with respect to the road occupancy permit, consolidation is not warranted.

Accordingly, we reverse the order of the trial court insofar as it determined that the UCC Board did not have jurisdiction over the decision of the Building Code Official revoking the building permit, and remand for further proceedings. We also reverse the order of the trial court insofar as it held that Gerbracht does not have a valid zoning permit. We vacate the order of the trial court insofar as it denied the road occupancy appeal and remand for purposes of a *de novo* hearing before the trial court. We sever the consolidation.

*ORDER*

AND NOW, this 30th day of January, 2013, we reverse the March 13, 2012, order of the Court of Common Pleas of Erie County insofar as it determined that the Fairview, Harborcreek and Millcreek Townships Uniform Construction Code Appeals Board did not have jurisdiction over the revocation of the building permit and remand for further proceedings. We reverse the order insofar as it states that Jon A. Gerbracht and Suellen L. Gerbracht do not have a valid zoning permit. We vacate the order of the trial court denying the road occupancy permit and remand for a *de novo* hearing. We sever the consolidation.

Jurisdiction relinquished.

---

11. Gerbracht also argues on appeal that he has acquired a vested right in the road occupancy permit. Because we vacate and remand for a *de novo* hearing before the trial court regarding the road occupancy permit, we decline to address this issue.