IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Commonwealth of Pennsylvania | : **CASES CONSOLIDATED** |
| | : |
| v. | : No. 270 C.D. 2024 |
| | : |
| Louis Desiato, | : |
| | : |
| Appellant | : |
| | |
| Commonwealth of Pennsylvania | : |
| | : |
| v. | : No. 271 C.D. 2024 |
| | : Submitted: November 6, 2025 |
| Elizabeth Desiato, | : |
| | : |
| Appellant | : |

BEFORE:  HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION BY JUDGE WOJCIK          FILED:  April 9, 2026

Louis Desiato and Elizabeth Desiato (Appellants) appeal, *pro se*, from the December 11, 2023 Orders of the Bucks County Court of Common Pleas (trial court) finding Appellants guilty of one violation of Tinicum Township's (the Township) Zoning Ordinance and two violations of its Building Code.  The violations related to their operation of the Desiato Winery (the Winery) and resulted in fines in the amount of $500.00 for both Appellants individually.[1]  The trial court

---

[1] Appellants filed separate actions in the trial court and later filed their separate appeals in the Superior Court of Pennsylvania.  The Superior Court subsequently transferred those matters to
**(Footnote continued on next page…)**

likewise ordered Appellants to cease and desist their operation of the Winery until they obtained a certificate of occupancy.[2] We affirm.

## I. Background

Relevant now, Appellants own real property at 522 East Dark Hollow Road, Pipersville, Pennsylvania, from which they have operated the Winery for roughly 25 years. On August 12, 2022, however, John Wolff, then the Township's Zoning Officer, and James Kopchak, then the Township's Code Official, conducted an inspection of the Winery. Following the inspection, on August 16, 2022, the Zoning Officer issued Appellants an enforcement notice for, *inter alia*, violating Section 1302 of the Township's Zoning Ordinance relating to required zoning permits.[3] The enforcement notice also provided: "You have the right to appeal this

---

this Court. *See* Superior Court 2/23/2024 Orders (*Per Curiam*) (citing 42 Pa. C.S. §762(a)(4) ("[T]he Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in . . . local government civil and criminal matters.")). We later consolidated these matters. *See* Commonwealth Court 9/4/2024 Order.

[2] By order dated March 22, 2024, we observed that Appellants were entitled to an automatic stay of the trial court's December 11, 2023 Orders under Pennsylvania Rules of Appellate Procedure 1731 and 1764. We therefore dismissed their request for an emergency stay as moot. *See* Commonwealth Court 3/22/24 Order (Wojcik, J.).

[3] This provision states:

> Hereafter, no use listed in Article VII [(use regulations)] may be established or changed; no structure shall be erected, constructed, reconstructed, altered, razed, removed, and no building used or occupied, or changed in use, until a Zoning Permit has been secured from the Zoning Officer. Upon completion of changes in use or construction, reconstruction, alteration or moving of structures, the applicant shall notify the Zoning Officer of such completion. No permit shall be considered as complete or as permanently effective until the Zoning Officer has noted on the permit that the work or

**(Footnote continued on next page…)**

enforcement action to the [] Township Zoning Hearing Board. YOU MUST FILE THIS APPEAL WITHIN THIRTY (30) DAYS OF THE DATE OF ISSUANCE OF THIS NOTICE." *See* Original Record (O.R), Exhibit No. P-1. The Code Official, for his part, issued a violation notice relating to Appellants' lack of an occupancy permit and a building permit violation.[4] The violation notice also provided: "You have the right to appeal to the [Uniform Construction Code[5] (UCC)] Appeals Board for variances or extension of time per [Section 403.122 of UCC, 34 Pa. Code §403.122.]" *See* O.R., Exhibit No. P-3. Importantly, Appellants did not file an appeal from either notice to the relevant appeal board.

On November 10, 2023, following a summary trial, a Magisterial District Court found Appellants guilty as to the above-referenced violations of the Township's Zoning Ordinance and Building Code. *See* Trial Court's Rule 1925(a) Op. at 3 n.3. Appellants filed a notice of appeal from their summary convictions in the trial court.

Following *de novo* summary appeal hearings held on August 10, 2023, and November 9, 2023, the trial court likewise found Appellants guilty as to the three

---

occupancy and use have been inspected and approved as being in conformity with the provisions of this Ordinance.

Tinicum Township Zoning Ordinance §1302.

The Township's Ordinance can be found online at https://tinicumtownship.org/wp-content/uploads/2024/01/CODIFIED_ZONING_ORDINANCE_REVISED%208-7-23.pdf (last visited April 8, 2026).

[4] *See* Sections 403.42a and 403.46 of the Uniform Construction Code, 34 Pa. Code §§403.42a (permit application), 403.46 (certificate of occupancy).

[5] The Pennsylvania Construction Code Act (Construction Code Act), Act of November 10, 1999, P.L. 491, *as amended,* 35 P.S. §§7210.101-7210.1103.

violations at issue and imposed fines of $500.00 per Appellant. Trial Court's 12/11/23 Order. Appellants filed the instant appeal shortly thereafter.

Although styled as a "statement of facts," in their Rule 1925(b) Statement of Errors Complained of on Appeal (Statement), Appellants complained of the following errors:

> 1. [The Winery] is a conforming "agricultural building" specifically EXEMPTED from the [UCC].
>
> 2. [The Winery] has met all the requirements to operate as a Limited Winery for over [25-years] without a single complaint.
>
> 3. [The Winery] is zoned Agricultural.

*See* Trial Court's Rule 1925(a) Op. at 6-7. The trial court would ultimately rephrase these issues for clarity. *Id.* at 7. In the trial court's view, Appellants were complaining that the Winery is exempted from the UCC and that they were maintaining their belief that the Township's zoning allows for the Winery's operation. *Id.*

In its Rule 1925(a) Opinion, the trial court reasoned that Appellants' failure to appeal the Zoning Officer's citation to the Township's Zoning Hearing Board meant that the enforcement notice was "unassailable" such that Appellants had waived any objection to it. *Id.* at 8-9 (citing Section 616.1(c)(6) of the Municipalities Planning Code[6] (MPC); *Borough of Latrobe v. Pohland*, 702 A.2d 1089, 1095 (Pa. Cmwlth. 1997)). The trial court found the same logic applicable to Appellants' failure to appeal from the Code Official's violation notice although it acknowledged that no caselaw existed on that point. *Id.* at 9.

---

[6] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10616.1(c)(6).

Even so, as it concerned the errors identified in Appellants' Statement, the trial court concluded that the Winery was subject to the UCC's application. First, the trial court concluded that the Winery, containing a retail store and bar, was not an agricultural building excepted from the UCC. *See* Trial Court's Rule 1925(a) Op. at 10-12 (citing Section 103 of the Construction Code Act, 35 P.S. §7210.103[7]). The trial court then concluded that the exclusion identified in Section 104(b)(9) of the Construction Code Act, 35 P.S. §7210.104(b)(9) (Farmstand Exclusion),[8] was

_____

[7] Section 103 of the Construction Code Act defines "agricultural building" as:

> A structure utilized to store farm implements, hay, feed, grain or other agricultural or horticultural products. The term includes a carriage house owned and used by members of a recognized religious sect for the purpose of housing horses and storing buggies. The term includes a structure that is less than 1,000 square feet in size which is utilized to process maple sap. *The term shall not include habitable space* or spaces in which agricultural products are processed, treated or packaged *and shall not be construed to mean a place of occupancy by the general public*.

35 P.S. §7210.103 (italics added).

[8] Section 104 of the Construction Code Act provides:

> **(b) Exclusions.**-- This act shall not apply to any of the following:
>
> * * *
>
> (9) No more than one structure per parcel of land which meets all of the following requirements:
>
>> (i) The structure is used for the direct, seasonal sale of agricultural commodities.
>>
>> (ii) The structure is open on at least 25% of the perimeter of the structure when in operation.

**(Footnote continued on next page…)**

similarly inapplicable to the Winery. On this point, the trial court opined that Appellants offered insufficient testimony to demonstrate that the Winery satisfied the criteria identified in the Farmstand Exclusion, *e.g.*, whether the Winery was engaged in the sale of seasonal agricultural commodities, or whether the structure is open on at least 25% of its perimeter *during* operation, and, finally, whether the Winery's products constituted at least 50% of the agriculture commodities on offer. Trial Court's Rule 1925(a) Op. at 12-14.

Nor was the trial court persuaded by Appellants' status as a limited winery under the Liquor Code.[9] Rather, the trial court observed that Appellants' "compliance with the limited winery licensing requirements do not exempt Appellants from compliance with local ordinances." Trial Court's Rule 1925(a) Op. at 14. As a final matter, the trial court concluded that the Winery was not permitted as a principal or accessory use in the Township's R/A district because the Township's Ordinance does not account for bars or retail in the same. *Id*. at 15-17. As a result, the trial court issued the instant Orders and Appellants filed this appeal.

---

(iii) The structure is operated by a producer whose products make up not less than 50% of the agricultural commodities being sold.

(iv) If not located on the producer's property, the structure is erected for less than 180 days of a calendar year.

(v) The structure has an area not more than 1,000 square feet.

35 P.S. §7210.104(b)(9).

[9] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§1-101 –10 – 1001.

6

## II. Issues

Appellants once again present the following issues for our review.[10] First, Appellants argue that Section 104(b)(9) of the UCC excludes the Winery from its application. Second, Appellants assert that a limited winery is permitted to operate in the Township's R/A district and may offer food and alcoholic beverages. Appellants' Brief at 9. We will not reach these issues, however, because Appellants failed to appeal the citations below to the relevant administrative boards.[11]

## III. Discussion

### A. Failure to Appeal under the MPC

Like the trial court below, we observe that the MPC vests exclusive jurisdiction over a zoning officer's determination in a municipality's zoning hearing board. More particularly, Section 909.1(a)(3) of the MPC provides:

---

[10] In summary conviction matters, where the trial court has taken additional evidence in a *de novo* review, this Court's review is limited to considering whether the trial court abused its discretion or committed an error of law. *Commonwealth v. Halstead*, 79 A.3d 1240, 1242 (Pa. Cmwlth. 2013).

[11] In its Rule 1925(a) Opinion, the trial court initially expressed its belief that Appellants had waived all issues for appellate review for failure to file a competent Statement. *See* Trial Court's Rule 1925(a) Op. at 7. The Commonwealth echoes this argument in its brief. Commonwealth's Brief at 5-7.

Indeed, appellate courts must deem any issue automatically waived on appeal if the issue is not raised in the statement or where the appellant fails to file a timely statement altogether. *See, e.g.*, *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1988); *Commonwealth v. Butler*, 812 A.2d 631, 633 (Pa. 2002). So too, we must deem an incompetent statement, or one "that is too vague to allow the court to identify the issues raised on appeal[,]" as waiving any purported issues therein. *Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa. Super 2001). Although we may be inclined to agree that Appellants' Statement is not a model of clarity, we observe that the issues raised in Appellants' brief are sufficiently identical to the ones complained of in their Statement and that the trial court readily ascertained these issues in its Rule 1925(a) Opinion. We therefore decline to find waiver on this basis.

7

(a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:

\* \* \*

(3) Appeals from the determination of the zoning officer, including, but not limited to, the granting or denial of any permit, or failure to act on the application therefor, the issuance of any cease and desist order or the registration or refusal to register any nonconforming use, structure or lot.

53 P.S. §10909.1(a)(3). *See also Township of Concord v. Concord Ranch Inc.*, 664 A.2d 640, 648 (Pa. Cmwlth. 1995) ("The express mandate of the legislature, embodied in Section 909.1 of the MPC, required [appellants] to appeal the issuance of the zoning enforcement notice to the [t]ownship's [z]oning [h]earing [b]oard.").

As a consequence, "[w]e have repeatedly stated that such a failure to appeal renders the zoning officer's determination of violation unassailable under Section 616.1(c)(6) of the [MPC]." *Pohland*, 702 A.2d at 1095; *see* 53 P.S. §10616.1(c)(6) ("An enforcement notice shall state at least the following: . . . . (6) That failure to comply with the notice within the time specified, unless extended by appeal to the zoning hearing board, constitutes a violation, with possible sanctions clearly described.").

Presently, it is undisputed[12] that Appellants failed to file an appeal from the Zoning Officer's enforcement notice to the Township's Zoning Hearing Board.

---

[12] Curiously, Appellants filed a "supplemental record" in the trial court following the filing of the trial court's Rule 1925(a) Opinion. Therein, by way of a brief, Appellants assert that any failure to appeal the relevant notices below was the result of a due process violation as Appellants were not adequately informed of their appeal rights. Initially, we note that Appellants raise this issue for the first time on appeal, such that it is waived. *Siegfried v. Borough of Wilson*, 695 A.2d **(Footnote continued on next page…)**

*See* Trial Court's Hearing, 8/10/23, Notes of Testimony (N.T.) at 55. Thus, the underlying determination of violation is unassailable. *Pohland*, 702 A.2d at 1095. All that is left for Appellants to pursue now as it relates to the Zoning Officer's enforcement notice is whether the violation continues. Because Appellants offer no argument to the contrary, we must affirm on this point.

### B. Failure to appeal under the UCC

Concerning the Code Official's notice of violation, we ultimately agree with the trial court that Appellants' failure to appeal therefrom is fatal. As discussed below, however, we must depart from the trial court's comparison to the MPC and rely on the doctrine of exhaustion in reaching this conclusion instead. But first, by way of background,

> [i]n 1999, the Pennsylvania General Assembly enacted the [Construction Code Act] to establish uniform and modern construction standards throughout the Commonwealth. *See* Section 102 of the Act, 35 P.S. §7210.102 . . . . The [Construction Code] Act authorized the Department of Labor and Industry (Department) to promulgate regulations, and the Department did so on April 12, 2002, and January 9, 2004. These regulations are known as the Uniform Construction Code. *See* Title 34 of the Pennsylvania Code, Chapters 401, 403 and 405.

*Flanders v. Ford City Borough Council*, 986 A.2d 964, 970-71 (Pa. Cmwlth. 2009). Section 501(c) of the Construction Code Act directed all municipalities which have

---

892, 894 (Pa. Cmwlth. 1997) ("The appellate court may *sua sponte* refuse to address an issue raised on appeal that was not raised and preserved below.").

Even so, we note that while Appellants have appended the non-traffic summary citations issued to them on August 12, 2022, these notices are separate from the enforcement notice and notice of violations sent to them on August 16, 2022. Both notices inform Appellants of their appeal rights. *See* O.R., Exhibit Nos. P-1, P-3.

"adopted an ordinance for the administration and enforcement of this act . . . to establish or designate a board of appeals . . . to hear appeals from decisions of the code administrator." 35 P.S. §7210.501(c)(1); *see also* 34 Pa. Code §403.121(a). The Construction Code Act also directed that any appeal "shall be based on a claim that the true intent of this act or regulations legally adopted under this act have been incorrectly interpreted, the provisions of this act do not fully apply or an equivalent form of construction is to be used." 35 P.S. §7210.501(c)(2); *see also* 34 Pa. Code §403.121(b).

For the UCC's part, Section 403.122(a) provides: "An owner or owner's agent may seek a variance[13] or extension of time or appeal a building code official's decision by filing a petition with the building code official or other person designated by the board of appeals on a form provided by the municipality." 34 Pa. Code §403.122(a). Such an appeal will "automatically suspend an action to enforce an order to correct until the matter is resolved" unless the action relates to unsafe buildings, structures or equipment.[14] *Id*. §403.122(b).

Presently, the issues Appellants raised for the trial court's review were all better addressed – in the first instance – to the Township's UCC Board of

---

[13] The UCC defines "variance" as "[a] modification of a [UCC] standard approved by a board of appeals or by the Industrial Board and by the Secretary for accessibility requirements." 34 Pa. Code §410.1.

[14] To be sure, in *Flanders*, 986 A.2d at 972-73, we held that the UCC does not contemplate appeal rights from a code official's stop work order because Section 403.81 does not explicitly confer as much. *See* 34 Pa. Code §403.81 (governing stop work orders). Still, we do not find that logic applicable here. At issue now is the Code Officer's notice of violation. While the provision governing notices of violation does not explicitly identify any corresponding appeal right, it does contemplate "order[s] requiring correction of the violations . . . ." 34 Pa. Code §403.82(b). If the UCC did not confer appeal rights upon such an order, there would be no need to carve out an automatic stay upon an appeal for the enforcement of an order to correct under Section 403.122(b) of the UCC.

10

Appeals. In fact, we have at least twice dealt with a property owner's contention that the UCC is inapplicable due to the 'agricultural building' exception. *See Samsel v. Uniform Construction Code Board of Appeals of Jefferson Township*, 10 A.3d 412 (Pa. Cmwlth. 2010); *In re Appeal of Miller*, 81 A.3d 1087 (Pa. Cmwlth. 2013). But, in both cases, neither property owner waited until the code official sought to enforce the UCC's penalties in a magisterial district court to press that contention. Rather, both owners first sought recourse with the relevant UCC boards of appeals.

Likewise, even to the extent Appellants' arguments on this point implicate the Township's Zoning Ordinance or the Liquor Code, the Township's UCC Board of Appeals would not be precluded from hearing the issue. In *Gerbracht v. Fairview*, 61 A.3d 1073, 1077-79 (Pa. Cmwlth. 2013), this Court concluded that a UCC board of appeals' jurisdiction necessarily encompasses a code official's decision *even when* that decision is not predicated on a UCC violation. More particularly, therein, a code official revoked a property owner's building permit because of zoning violation issues. *Id*. at 1077. The property owner appealed the revocation to the municipality's UCC board of appeals which reasoned that it lacked jurisdiction over the claim because it dealt with issues outside of the UCC. *Id*. We ultimately opined that while it was true that a UCC board of appeals was not tasked with determining which ordinances applied against the property owner, it was nevertheless tasked with determining whether the code official possessed the requisite authority to revoke the building permit *under* the UCC. *Id*. at 1078-79.

Similarly, here, even though some of Appellants' arguments turn on issues beyond the scope of the UCC, they are nevertheless encompassed by the UCC board of appeals' jurisdiction. That is, Appellants are challenging the Code Official's decision – the notice of violation – as a matter of the UCC's intent and the

11

applicability of its provisions. 34 Pa. Code §403.122(f)(1)-(2). While Appellants' arguments may have also related to the Zoning Ordinance or Liquor Code, as in *Gerbracht*, the Township's UCC Board of Appeals would have nevertheless been empowered to assess whether the Code Official possessed the requisite authority to issue the notice of violation.

Having determined that the crux of Appellants' arguments lay within the Township's UCC Board of Appeals' jurisdiction, we must conclude Appellants' failure to pursue an appeal thereto is fatal now. As discussed above, the finality of a zoning code enforcement notice stems from the plain language of the MPC itself. *Again see* 53 P.S. §§10616.1(c)(6) (failure to comply with enforcement notice constitutes a violation), 10909.1(a)(3) (conferring "exclusive" jurisdiction over such appeals upon zoning hearing boards). Our review of the Construction Code Act and the UCC indicates that neither scheme is quite as forthright concerning the exclusivity of a UCC board of appeals' jurisdiction as is the MPC.

Indeed, concerning notices of violations, Section 403.82(2)-(3) of the UCC provides:

> (2) The building code official may issue a written notice of violations to the permit holder. The notice is to contain a description of the violations and an order requiring correction of the violations within a reasonable period determined by the building code official. When a violation relates to an unsafe building, structure or equipment, a building code official shall act in accordance with §403.84 (relating to unsafe building, structure or equipment).
>
> (3) After the compliance date contained in the order, the building code official shall inspect the building, structure or equipment to determine whether the violation was corrected. The building code official shall close the order if the violation was corrected. The building code official

12

may issue an order to show cause under §403.83 (relating to order show cause/vacate) to the owner for a violation that was not corrected.

34 Pa. Code. §403.82(2)-(3). Upon the filing of an appeal with the relevant UCC board of appeals, Section 403.122(c) provides that enforcement of the underlying order to correct must be automatically stayed. *Id*. §403.122(c). Taken together, there is no explicit conferral of exclusive jurisdiction upon a UCC board of appeals or a declaration that a failure to comply with a notice will be treated as a violation like there is in the MPC. The trial court's reliance on the MPC, which renders a notice of violation unassailable without further appeal as a matter of statute, is therefore inapt.[15]

Still, it is of no moment, as litigants must exhaust all administrative remedies before seeking redress in court. *Matesik v. Maleski*, 624 A.2d 776, 778 (Pa. Cmwlth. 1993). On this point we have explained,

> [t]he doctrine of exhaustion prohibits prospective parties to administrative agency action from bypassing that process and challenging the administrative action directly in the courts. The reasons for requiring exhaustion are that it is more efficient to allow an agency to proceed uninterrupted until its conclusion so that it can find facts, apply its own expertise and exercise its discretion. The doctrine also allows agencies the opportunity to correct their own mistakes.

*Gardner v. Department of Environmental Resources*, 658 A.2d 440, 445 (Pa. Cmwlth. 1995). In cases such as this, where a party has failed to appeal from an agency action, our Supreme Court has explained that the same party may not subsequently contest the merits of that adjudication in the agency's corresponding

---

[15] We do note that while the trial court relied on *Pohland* in its Rule 1925(a) Opinion for this conclusion, the trial court also considered the applicability of the doctrine of exhaustion in this matter at its August 10, 2023 hearing. *See* Trial Court's Hearing, 8/10/23, N.T. at 6-10.

13

enforcement proceedings.  *Erie Human Relations Commission ex rel. Dunson v. Erie Insurance Exchange*, 348 A.2d 742, 744 (Pa. 1975).  To this end, although opining on a matter within this Court's jurisdiction,[16] the Superior Court has previously endorsed the doctrine of exhaustion of administrative remedies in this exact context.  *See Commonwealth v. Null* (Pa. Super., No. 2054 W.D.A. 2014, filed December 30, 2015), slip op. at 16-18.[17]

Here, unlike the property owners in *Samsel* and *Miller*, Appellants did not file an appeal from the Code Official's notice of violation to the Township's UCC Board of Appeals and have failed to exhaust the administrative remedies available under the Construction Code Act and UCC.  *See* Trial Court's Hearing, 8/10/23, N.T. at 20.  In short, then, Appellants cannot now contest the merits underlying the notice of violation and must be precluded from obtaining judicial review over the violations identified therein.

### IV. Conclusion

Accordingly, the trial court's orders are AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge

---

[16] *See* Pennsylvania Rule of Appellate Procedure 741(a) ("The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court.").

[17] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues."  *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | **CASES CONSOLIDATED** |
| | : | |
| v. | : | No. 270 C.D. 2024 |
| | : | |
| Louis Desiato, | : | |
| | : | |
| Appellant | : | |
| | | |
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 271 C.D. 2024 |
| | : | |
| Elizabeth Desiato, | : | |
| | : | |
| Appellant | : | |

# O R D E R

AND NOW, this 9th day of April, 2026, the December 11, 2023 Orders of the Bucks County Court of Common Pleas are **AFFIRMED**.

_____
MICHAEL H. WOJCIK, Judge